## ROACH *versus* LEARNED.

Where the defendant claims title to property under a third person by certain acts between that third person and the plaintiff, a letter written by such third person and delivered to the plaintiff at the time of such acts, is admissible in evidence, as against the defendant, as part of the *res gestae.*

EXCEPTIONS from *Nisi Prius,* HOWARD, J., presiding.

REPLEVIN, for a pair of steers.

The plaintiff set up title from one Russell S. Currier in April, 1849, and that he was to keep them until they were six years old and then to return them or pay fifty dollars.

The defendant introduced evidence of a sale from said Currier of his interest to one Alburn Calden, under whom he claimed title; and also evidence tending to show a sale from the plaintiff to said Calden of his interest in said steers, through one Allsworth Tainter in his capacity as constable of the town of Carthage.

The plaintiff, after this testimony in the defence, called said Tainter, who testified, that he, as constable of Carthage, in July, 1850, had an execution in favor of said Calden against the plaintiff, and had received a letter of instruction from Calden about securing it, and also a letter from Calden to the plaintiff in relation to the same matter; that in pursuance of his instructions contained in Calden's letter to him, he went to the plaintiff to get security on the execution, and gave plaintiff the letter sent by him from Calden; that plaintiff then secured the amount of the execution by a horse and heifer, but did not embrace the steers.

The letter to plaintiff was as follows:—" Mr. Roach, I have seen Mr. Currier and he says he is willing to take me as pay-master, if I pay him this month, and wants you to sign the writing which I have sent to Mr. Tainter.

"A. Calden."

The presiding Judge ruled that this letter was admissible and a verdict was returned for plaintiff.

*J. S. Abbott,* for plaintiff.

Roach *v.* Learned.

*Tripp,* for defendant.

The plaintiff claimed the right to the use of said steers until they were six years old by a parol lease from Russell S. Currier, and the defendant claimed them by purchase from Calden, who had extinguished the title of said Currier and had attempted to extinguish the right of plaintiff to the use of said steers. Whether Calden had so done or not, was the question before the jury.

1. Calden was not a party to the suit, and therefore his declarations were not admissible in evidence for the plaintiff, unless they were made while he was the owner of the right claimed by plaintiff, which the plaintiff denies. The plaintiff by his action denies that Calden was owner of plaintiff's right in the steers at any time, and the jury so found. The witness, Tainter, says, that the plaintiff did not turn out to him the steers for Calden. Thus Calden's declarations were admitted for the plaintiff, when he was not the owner of his right in the property in controversy, which is contrary to every principle of law or rule of evidence.

2. If plaintiff wanted Calden's testimony, he was a competent witness, and should have given his testimony under oath.

3. If Calden ever owned the plaintiff's right, and the defendant contends that he did, he became such owner through the agency of Tainter, the officer, who held Calden's execution, and who received the letter from him. That letter was written and delivered to the plaintiff, before he (Calden) could have become the owner of the right which the plaintiff claimed in said steers.

SHEPLEY, C. J. — The plaintiff in replevin appears to have received of Russell S. Currier, in the month of April, 1849, two steers, of the age of two years, to be kept till they were six years old, then to return them or pay fifty dollars.

The defendant introduced testimony to prove a sale of Currier's interest in them to Alburn Calden, from whom he derived that title. He also introduced testimony to prove,

that he had acquired the plaintiff's title to them by the proceedings of Allsworth Tainter, who, as a constable of the town of Carthage, had an execution in favor of Calden against the plaintiff.

To rebut this testimony the plaintiff appears to have called Tainter as a witness to prove, what had been done by agreement of the parties to that execution, for payment or security of it. He stated, that Calden forwarded a letter to him to be delivered to the plaintiff proposing a mode of security. This was produced and received as testimony. The defendant claiming to have extinguished the plaintiff's title by the proceedings to collect or secure that execution, testimony to prove what did take place between the plaintiff and Calden for that purpose, appears to have been entirely proper, and Calden's letter to the plaintiff composing a part of those transactions was admissible as part of the *res gestae.* *Exceptions overruled.*

RICE, HATHAWAY and CUTTING, J. J., concurred.